IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2012

**BRENDA HOLLIMAN v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-00684-85    John Fowlkes, Jr., Judge**

**No. W2011-00201-CCA-R3-PC  - Filed August 9, 2012**

Petitioner, Brenda Holliman, was convicted by a Shelby County jury of first degree murder and conspiracy to commit first degree murder. She received concurrent sentences of life without parole and fifteen years. The victim was Petitioner's husband. Her convictions and sentences were affirmed on appeal. *State v. Brenda Holliman*, No. W2003-01736-CCA-R3-CD, 2005 WL 819735 (Tenn. Crim. App. Apr. 8, 2005) *perm. app. denied* (Tenn. Oct. 24, 2005). She timely filed a petition for post-conviction relief, which was amended. Following an evidentiary hearing the petition was dismissed. Petitioner has timely appealed. After a thorough review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Paul Kellison Guibao, Memphis, Tennessee, for the appellant, Brenda Holliman.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Theresa McCusker, Assistant District Attorney General; for the appellee, the State of Tennessee.

**OPINION**

Petitioner, her cousin James Rodney Mills, and a "jail acquaintance" of Mills, Kermit Keith Faglier, conspired to murder Petitioner's husband. Petitioner was the beneficiary of a $150,000.00 life insurance policy on her husband's life, and she agreed to pay a total of $50,000.00 to Mills and Faglier to commit the murder. Mills and Faglier went to the victim's

place of employment at a time that the victim was alone. Mills entered the building and Faglier remained outside as a "lookout." Mills shot the victim once in the neck and once in the back of the head, using a handgun he had obtained from Petitioner. A detailed summary of the evidence establishing the crimes can be read in this Court's opinion in the direct appeal. *Id.*, slip op at pp. 2-9.

The sole issue raised on appeal by Petitioner is that the post-conviction court erred by ruling that she failed to prove she had received ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner bears the burden of proving by clear and convincing evidence **both** (1) deficient performance by counsel and (2) prejudice to the defense caused by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). To demonstrate prejudice, a petitioner must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The petitioner bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *Burns*, 6 S.W.3d at 461. The petitioner's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. *Burns*, 6 S.W.3d at 461; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. *See* Tenn. Code Ann. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. *See Momon*, 18 S.W.3d at 156; *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. *See Momon*, 18 S.W.3d at 156; *Henley*, 960 S.W.2d at 578.

Two attorneys were appointed to represent Petitioner at trial, but only one testified at the post-conviction hearing. They will be referred to collectively as "trial counsel." The specific instances of deficient performance by trial counsel, which are asserted in Petitioner's appellate brief are: (1) trial counsel were not prepared to go to trial as shown by "last minute attempts to continue the trial;" (2) trial counsel failed to properly investigate the case, specifically by failing to "properly manage and use appointed expert" Dr. Marsha Little-Hendren; (3) trial counsel failed to include in the motion for continuance of the trial that Dr. Little-Hendren was hampered in her ability to meet with Petitioner due to an "illness" of Dr.

-2-

Little-Hendren; and (4) trial counsel waited too long to obtain the expert services of a psychiatrist, Dr. Keith Caruso. We have thoroughly and carefully reviewed Petitioner's brief to ascertain what *specific* prejudice she asserts was caused to her case by the representation provided by trial counsel which she claims is deficient performance by counsel. The *only* assertions in her brief which are even close to being examples of prejudice are her statement that Dr. Little-Hendren testified at the post-conviction hearing "that she could have utilized the additional time to get more diagnostic information from previous treatment," and the following broad statement, "[t]herefore, [t]rial [c]ounsel's failures may very well have been outcome determinative."

It is not our duty or responsibility to comb the appellate record in search of possible deficient performance of trial counsel or of prejudice that may have been caused by any alleged deficient performance. However, we are not faulting Petitioner's post-conviction counsel in this case. Our careful review of the record shows absolutely no prejudice to Petitioner's case even if trial counsel's performance had been deficient.

The only witnesses who testified at the post-conviction hearing were Petitioner, lead trial counsel, and Dr. Little-Hendren. Their testimony as it relates to the specific assertions made by Petitioner in this appeal is as follows. Petitioner testified that trial counsel never spoke to her mother, who could have corroborated Petitioner's testimony at trial that co-defendant Mills had previously attacked Petitioner and that was a reason that Petitioner was coerced by Mills. Petitioner's mother did not testify at the post-conviction hearing and no explanation was given for why she did not testify. Petitioner testified she only got to meet with Dr. Little-Hendren twice, and never got to talk to Dr. Caruso. Petitioner acknowledged that the defense to the charges which she told trial counsel about was the actual defense used at trial. However, she testified on direct examination that trial counsel failed to make the connection that Petitioner's post traumatic stress syndrome caused her to be more easily placed under duress by Mills. On cross-examination Petitioner testified,

> Q. When you're saying that [battered wife syndrome] you mean the abuse that you suffered from your husband, correct?
>
> A. Correct.
>
> Q. [Trial counsel] talked about that at trial, and then you testified as to the duress you were under because of the threats from your co-defendants, right?
>
> A. Right.
>
> Q. You testified in front of the jury to that?

A.  Correct.

Q.  So that was brought forth at your trial?

A.  Right.

Q.  Correct?

A.  Correct.

Q.  So what else could [trial counsel] have done?

A.  I don't know.  I don't - - I don't - - I don't know.  I don't know the criminal aspects of everything or the - - what an attorney does.  I don't know.  I could only tell them what I knew.

Q.  And you told [trial counsel] that, correct?

A.  Correct.

Q.  And [trial counsel] brought that forth at trial?

A.  It was - - I stated it when I was on the witness stand.

Lead trial counsel testified that he and co-counsel were prepared for trial.  He acknowledged that the defense theory at trial was that Petitioner was so vulnerable that the co-defendants were able to convince Petitioner to participate in the crime and she "went along" with the co-defendants because she was so scared of them.  He testified that Dr. Little-Hendren became involved in the case less than three months prior to trial.  Lead counsel reiterated that they had sufficient time to prepare for trial and were prepared for trial.

Dr. Little-Hendren testified that she saw Petitioner for several hours during two visits prior to trial.  She stated that it was never an issue that she needed more time before trial in order to complete her evaluation of Petitioner.  While Dr. Little-Hendren admitted that it would have been helpful if she could have received more diagnostic information from prior treatment(s) of Petitioner, she did not state *how* such information would have been helpful. More importantly for purposes of the post-conviction proceedings, Dr. Little-Hendren admitted that she could not remember whether Petitioner had even been previously treated by a professional.  Dr. Little-Hendren did not testify at the post-conviction hearing about any illness she had which hampered her ability to work with Petitioner prior to the trial.  There was nothing in Dr. Little-Hendren's testimony to support Petitioner's assertion on appeal that trial counsel failed to "properly manage and use" her skills as an expert witness.  Regarding

-4-

Petitioner's complaint that trial counsel was deficient by waiting too long to obtain the services of Dr. Keith Caruso, there was no prejudice even if trial counsel rendered deficient performance. As this Court noted in the opinion of Petitioner's direct appeal,

> After the conclusion of the trial, [Petitioner's] counsel entered into the record as a stipulation a letter from Dr. Caruso in which he determined that there was "no evidence to support a 'Battered Woman's Syndrome defense." In that same letter, Dr. Caruso stated that his "testimony . . . would not serve . . . [Petitioner's] interest and likely would work directly against them."

*Holliman*, 2005 WL 819735, at *10.

Regarding the specific allegations of ineffective assistance of counsel raised by Petitioner on appeal, the post-conviction court made the following findings in its order dismissing the petition for post-conviction relief:

> i) *Failure to adequately investigate or prepare for Petitioner's trial.*
>
> Petitioner asserts that trial counsel did not adequately investigate or prepare for trial.[ ] Petitioner asserts that it is "absolutely impossible to conduct an adequate investigation [in] a capital case for trial in less than six months."[ ] However, Petitioner does not give any support for this assertion. When Petitioner was asked about what else Counsel could have done with more time, she was unable to give any details. Also, in Petitioner's original Petition for Post-Conviction Relief, she stated that both of her trial attorneys met with her repeatedly to discuss her defense.[ ] Further, the record shows that Trial Counsel presented to the jury evidence supporting Petitioner's claim of physical and mental abuse as support for her diminished capacity defense.
>
> Petitioner has failed to show by clear and convincing evidence that Trial Counsel did not adequately investigate the case. Similarly, Petitioner has failed to show that Trial Counsel was not prepared to proceed to trial. As such, this claim is without merit and is denied.
>
> * * *
>
> iii) *Failure to properly manage or use experts or expert testimony*

-5-

Petitioner asserts that Counsel failed to properly use and manage experts and expert testimony.[ ] Specifically, she alleges that Counsel was not ready to go forward as evidenced by Counsel's Motion for a Continuance.[ ] However, Trial Counsel was ready to proceed to trial, and only made the motion for continuance "out of an abundance of precaution."[ ] Dr. Marsha Little-Hendren, the clinical psychologist appointed to Petitioner's case, stated that she had completed her diagnosis and was prepared for trial. When asked if she needed more time to prepare, Dr. Little-Hendren responded: "I don't remember him ever asking me if I needed more time. . . . . It seemed like it never was an issue. I was hired. I did my evaluation. I got the information back to him. The case just kind of took on a life of its own and I was told to prepare for trial."[ ]

Petitioner's defense was fully presented to the jury. Besides Petitioner's testimony, other evidence was presented to support Petitioner's allegations that she suffered physical abuse at the hands of the victim. Also, Dr. Little-Hendren testified during the trial about Petitioner's history of traumatic events and the abuse inflicted upon her prior to her husband's murder.

Petitioner has failed to show that Counsel was deficient in their use of experts and expert testimony at trial. Therefore this claim must fail.

* * *

     *iv)*     *Failed defense theory - attempted involvement of Dr. Keith Caruso*

Petitioner asserts that Counsel failed to develop a proper defense theory.[ ] However, Trial Counsel testified that the defense theory was that years of abuse and trauma had left Petitioner an easy target for persons like her co-defendants who saw a way to make money by pressuring her into killing her husband and splitting the insurance money.[ ] Moreover, Petitioner has failed to show that Dr. Caruso's testimony, had it been given at trial, would reasonably have affected the outcome of the trial.

The Court of Criminal Appeals has already addressed this issue on appeal. In its opinion, the Court cited a post trial letter from Dr. Caruso which stated that "there was no evidence to support a 'Battered Woman's Syndrome' defense", and his "testimony . . . . would not serve . . . . [the appellant's] interests and likely would work directly against them." State

v. Holliman, No. W2003-01736-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 331, at *[10] (Tenn. Crim. App. 2005).

In light of the fact that this claim has been previously handled by the Court of Criminal Appeals, it is without merit and is denied.

(footnotes omitted).

Petitioner did not directly present to the post-conviction court the fourth ground for relief asserted by Petitioner, that trial counsel did not include in the continuance motion that Dr. Little-Hendren was hampered in her ability to meet with Petitioner due to an illness. Therefore, the post-conviction court did not address this specific argument. It is waived on appeal. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996). Even if not waived, the record absolutely does not support Petitioner's argument. As noted above, the post-conviction court obviously accredited the testimony of Dr. Little-Hendren, and she testified that she was prepared for her testimony at trial.

We agree with the post-conviction court's findings of fact, conclusions of law, and determination that the petition for post-conviction relief should be dismissed. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE